# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY CARTWRIGHT,<br><br>               Petitioner,<br><br>   v.<br><br>WARDEN C. GIPSON,<br><br>              Respondent. | 1:13-cv—00069-AWI-SKO-HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS (DOC. 1)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITIONER'S REQUEST FOR JUDICIAL NOTICE AS MOOT (DOC. 7), DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DIRECT THE CLERK TO CLOSE THE ACTION<br><br>OBJECTIONS DEADLINE:<br>THIRTY (30) DAYS |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304.  Pending before the Court is the petition, which was filed on January 15, 2013.

I.   Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus.

1

The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, Petitioner alleges that he is an inmate of the Corcoran State Prison at Corcoran, California. He does not indicate his commitment offense or the length of his sentence. Instead, he refers to a proceeding in the Kern County Superior

2

1  Court that resulted on February 18 or 19, 2009, in the

2  termination of Petitioner's parental rights with respect to two

3  of Petitioner's minor children.  Petitioner alleges that his

4  counsel was ineffective during the parental rights proceeding.

5  Petitioner further alleges he was denied his rights to due

6  process and equal protection in violation of the Sixth and

7  Fourteenth Amendments by his counsel's ineffective assistance for

8  failing to notify Petitioner of a hearing and failing to file a

9  notice that resulted in Petitioner's loss of his right to file an

10  appeal.  (Pet., doc. 1, 1, 3-6, 9.).

11      II.  <u>Absence of Subject Matter Jurisdiction</u>

12      This Court has a duty to determine its own subject matter

13  jurisdiction, and lack of subject matter jurisdiction can be

14  raised on the Court's own motion at any time.  Fed. R. Civ. P.

15  12(h)(3); <u>CSIBI v. Fustos</u>, 670 F.2d 134, 136 n.3 (9th Cir. 1982)

16  (citing <u>City of Kenosha v. Bruno</u>, 412 U.S. 507, 511-512 (1973)).

17  A court will not infer allegations supporting federal

18  jurisdiction; a federal court is presumed to lack jurisdiction in

19  a particular case unless the contrary affirmatively appears, and

20  thus federal subject matter jurisdiction must always be

21  affirmatively alleged.  Fed. R. Civ. P. 8(a); <u>Stock West, Inc. v.</u>

22  <u>Confederated Tribes of the Colville Reservation</u>, 873 F.2d 1221,

23  1225 (9th Cir. 1989).  A federal court must have subject matter

24  jurisdiction to consider a habeas corpus claim before it may

25  reach the merits of the claim.  <u>Wilson v. Belleque</u>, 554 F.3d 816,

26  821 (9th Cir. 2009), <u>cert. den.</u>, 130 S.Ct. 75 (2009).  When a

27  federal court concludes that it lacks subject matter

28  jurisdiction, the court must dismiss the action.  <u>Arbaugh v. Y&H</u>

3

1    Corp., 546 U.S. 500, 514 (2006); <u>Moore v. Maricopa County</u>
2    <u>Sheriff's Office</u>, 657 F.3d 890, 894 (9th Cir. 2011).

3        Because the petition was filed after April 24, 1996, the
4    effective date of the Antiterrorism and Effective Death Penalty
5    Act of 1996 (AEDPA), the AEDPA applies in this proceeding. <u>Lindh</u>
6    <u>v. Murphy</u>, 521 U.S. 320, 327 (1997); <u>Furman v. Wood</u>, 190 F.3d
7    1002, 1004 (9th Cir. 1999).

8        A district court may entertain a petition for a writ of
9    habeas corpus by a person in custody pursuant to the judgment of
10   a state court only on the ground that the custody is in violation
11   of the Constitution, laws, or treaties of the United States.  28
12   U.S.C. §§ 2254(a), 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362,
13   375 n.7 (2000); <u>Wilson v. Corcoran</u>, 562 U.S. –, –, 131 S.Ct. 13,
14   16 (2010) (per curiam).  A habeas corpus petition is the correct
15   method for a prisoner to challenge the legality or duration of
16   his confinement.  <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991)
17   (quoting <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 485 (1973));
18   Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

19       Federal courts should generally decline jurisdiction in
20   cases concerning domestic relations, including the custody of
21   minors, which are governed by state law.  <u>Ex parte Burrus</u>, 136
22   U.S. 586, 593-94  (1890); <u>Peterson v. Babbitt</u>, 708 F.2d 465, 466
23   (9th Cir. 1983).  Further, habeas corpus relief is not available
24   to challenge state courts' decisions regarding child custody and
25   parental rights.  <u>Lehman v. Lycoming County Children's Services</u>,
26   458 U.S. 502, 511-12 (1982).

27       In <u>Lehman</u>, the petitioner sought custody of her minor
28   children based on a challenge to the constitutionality of a state

                                  4

statute pursuant to which the state had obtained custody of the children and involuntarily terminated the petitioner's parental rights.  Id. at 503-06.  The Court noted that federal habeas corpus relief for challenges to state court judgments has generally been limited to situations where, as a result of a state court criminal conviction, a petitioner has suffered substantial restraints not suffered by the public generally, and the petitioner is "in custody" within the meaning of 28 U.S.C. § 2254.  Id. at 510.  The presence of the children in foster homes pursuant to a state court order did not render them prisoners, impose upon them any restrictions pursuant to a state criminal justice system, or render them "in custody" within the meaning of § 2254.  Instead, the children were in the custody of their foster parents in the same way that all children were in the custody of their parents, and they suffered no collateral consequences that would outweigh the need for finality of state court judgments.  Id. at 510-11.  The Court characterized the interest that petitioner was attempting to litigate as the petitioner's interest in her own parental rights, and not any liberty interest of her offspring.  Id. at 511.

The Lehman court confirmed that federal habeas corpus has never been available to challenge parental rights or child custody.  Id. at 511.  The Court emphasized that a state's interest in finality is unusually strong in disputes concerning child custody.  Id. at 513.  The Court concluded its decision as follows:

> The considerations in a child-custody case are quite
> different from those present in any prior case in which
> this Court has sustained federal-court jurisdiction

5

under § 2254. The federal writ of habeas corpus, representing as it does a profound interference with state judicial systems and the finality of state decisions, should be reserved for those instances in which the federal interest in individual liberty is so strong that it outweighs federalism and finality concerns. Congress has indicated no intention that the reach of § 2254 encompass a claim like that of petitioner. We therefore hold that § 2254 does not confer federal-court jurisdiction.

Lehman, 458 U.S. at 515-16 (footnote omitted).

Here, although Petitioner is a prisoner at a California prison and is in custody pursuant to a state court criminal judgment, Petitioner does not seek to challenge his criminal conviction or any proceeding related to his criminal case, but rather a separate judgment which has no custodial effect on him. The right Petitioner seeks to protect is not any right of the children, but rather Petitioner's interest in his own parental rights; any ruling in the parental rights suit would not affect Petitioner's custody pursuant to the criminal judgment. Petitioner's challenge is thus not to the legality or duration of his confinement.  The fact that Petitioner is in custody pursuant to a separate judgment of a state criminal court does not render the state court judgment regarding parental rights custodial as to Petitioner.  The Court concludes that Petitioner is not "in custody" within the meaning of § 2254(a), and this Court lacks subject matter jurisdiction over the challenged ruling in a proceeding pursuant to 28 U.S.C. § 2254.

Accordingly, it will be recommended that the petition be dismissed for lack of subject matter jurisdiction.  Further, in view of the recommendation to dismiss the petition, it will be recommended that Petitioner's request for judicial notice, filed

on April 1, 2013, be dismissed as moot.

    III.   Construction of the Petition as a Civil Rights
           Complaint

    Although the Court lacks habeas corpus jurisdiction over the claims concerning conditions of confinement, the Court could construe Petitioner's claims as a civil rights complaint. See, Wilwording v. Swenson, 404 U.S. 249, 251 (1971). However, the Court declines to construe the petition as a civil rights complaint because of 1) various differences in the procedures undertaken in habeas proceedings on the one hand, and civil rights actions on the other, and 2) uncertainty concerning the propriety of this Court's exercising jurisdiction over Petitioner's challenge.

    First, if the petition were converted to a civil rights complaint, Petitioner would be obligated to pay the $350 filing fee for a civil action, whether in full or through withdrawals from his prison trust account in accordance with the availability of funds. 28 U.S.C. §§ 1914, 1915(b). The dismissal of this action at the pleading stage would not terminate Petitioner's duty to pay the $350 filing fee. Here, the petition was not accompanied by the $350 filing fee or an authorization by Petitioner to have the $350 filing fee deducted from his trust account pursuant to 28 U.S.C. § 1915(b).

    Further, if the petition were converted to a civil rights complaint, the Court would be obligated to screen it pursuant to the screening provisions of the Prisoner Litigation Reform Act of 1995. 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1). Because Petitioner has used a habeas corpus petition form, it is likely

1  that the Court will not have all the needed information to screen

2  the petition.  If the pleading ultimately were dismissed for

3  failure to state a claim upon which relief may be granted, such a

4  dismissal could count as a "strike" against Petitioner for

5  purposes of 28 U.S.C. § 1915(g) and any future civil rights

6  action he might bring.

7       It is unclear whether this Court has jurisdiction over

8  Petitioner's claim.  Appellate jurisdiction of state court

9  judgments rests in the United States Supreme Court, 28 U.S.C. §

10  1257, not in the federal district court.  The Rooker-Feldman

11  doctrine derives its name from <u>Rooker v. Fidelity Trust Co.</u>, 263

12  U.S. 413 (1923), and <u>District of Columbia Court of Appeals v.</u>

13  <u>Feldman</u>, 460 U.S. 462 (1983).  The doctrine provides that a

14  federal district court is without subject matter jurisdiction to

15  hear an appeal from the judgment of a state court.  <u>Bianchi v.</u>

16  <u>Rylaarsdam</u>, 334 F.3d 895, 896 (2003), <u>cert.</u> <u>denied</u>, <u>Bianchi v.</u>

17  <u>Rylaarsdam</u>, 540 U.S. 1213, (2004).  If claims raised in the

18  federal court action are "inextricably intertwined" with the

19  state court's decision such that the adjudication of the federal

20  claims would undercut the state ruling or require the district

21  court to interpret the application of state laws or procedural

22  rules, the federal complaint must be dismissed for lack of

23  subject matter jurisdiction.  <u>Bianchi v. Rylaarsdam</u>, 334 F.3d at

24  898.  A claim is inextricably intertwined with a state court

25  judgment if the federal claim succeeds only to the extent that

26  the state court wrongly decided the issues before it, or if the

27  relief requested in the federal action would effectively reverse

28  the state court decision or void its ruling.  <u>Fontana Empire</u>

1  Center, LLC v. City of Fontana, 307 F.3d 987, 992 (9th Cir.
2  2002).

3      Here, Petitioner seeks a review of determinations made by
4  the state court in the course of the state court suit, or matters
5  inextricably intertwined with the state court judgment. This
6  Court lacks jurisdiction to conduct such a review. Accordingly,
7  the petition is dismissed for lack of subject matter jurisdiction
8  so that Petitioner himself may determine whether or not he wishes
9  to raise his present claims through a properly submitted civil
10 rights complaint.

11     IV.  Certificate of Appealability

12     Unless a circuit justice or judge issues a certificate of
13 appealability, an appeal may not be taken to the Court of Appeals
14 from the final order in a habeas proceeding in which the
15 detention complained of arises out of process issued by a state
16 court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537
17 U.S. 322, 336 (2003).  A certificate of appealability may issue
18 only if the applicant makes a substantial showing of the denial
19 of a constitutional right.  § 2253(c)(2).  Under this standard, a
20 petitioner must show that reasonable jurists could debate whether
21 the petition should have been resolved in a different manner or
22 that the issues presented were adequate to deserve encouragement
23 to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336
24 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A
25 certificate should issue if the Petitioner shows that jurists of
26 reason would find it debatable whether the petition states a
27 valid claim of the denial of a constitutional right, or whether
28 the district court was correct in any procedural ruling.  Slack

9

1  v. McDaniel, 529 U.S. 473, 483-84 (2000).

2      In determining this issue, a court conducts an overview of

3  the claims in the habeas petition, generally assesses their

4  merits, and determines whether the resolution was debatable among

5  jurists of reason or wrong.  Id.  It is necessary for an

6  applicant to show more than an absence of frivolity or the

7  existence of mere good faith; however, it is not necessary for an

8  applicant to show that the appeal will succeed.  Miller-El v.

9  Cockrell, 537 U.S. at 338.

10      A district court must issue or deny a certificate of

11  appealability when it enters a final order adverse to the

12  applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

13  Here, reasonable jurists could not debate whether the petition

14  should have been resolved in a different manner.  Petitioner has

15  not made a substantial showing of the denial of a constitutional

16  right.  Accordingly, it will be recommended that the Court

17  decline to issue a certificate of appealability.

18      V.  Recommendations

19      Accordingly, it is RECOMMENDED that:

20      1) The petition for writ of habeas corpus be DISMISSED for

21  lack of subject matter jurisdiction; and

22      2) Petitioner's request for judicial notice be DISMISSED as

23  moot; and

24      3)  The Court DECLINE to issue a certificate of

25  appealability; and

26      3) The Clerk be DIRECTED to close the action.

27      These findings and recommendations are submitted to the

28  United States District Court Judge assigned to the case, pursuant

to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    April 30, 2013**                            /s/ Sheila K. Oberto
                                                  UNITED STATES MAGISTRATE JUDGE